IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                                          CASE NO. 1:88-cr-01007-MP-AK

TERRY L. REED,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1066, Petition for Writ of Error Coram Nobis or, alternatively, Motion to Vacate under 28 U.S.C. § 2255, by Terry L. Reed. The Government has filed its response, Doc. 1070, and Defendant has filed a reply. Doc. 1074. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition and alternative motion be denied.

The defendant, Terry L. Reed, is presently incarcerated in FCI Miami under a 1988 judgment from this Court of 300 months imprisonment for various drug convictions. Doc. 133. In 2001, Defendant filed a motion to vacate which was denied as untimely. Docs. 846 & 851.

Defendant is plainly not entitled to *coram nobis* relief, as he is still in custody. *United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999). The question is thus whether the instant alternative motion to vacate is a second or successive motion over which this Court has no jurisdiction because the Eleventh Circuit has not authorized its filing. In Defendant's view,

because the original motion to vacate was based on the statute of limitations, it was a "procedural dismissal," and "does not count as a first § 2255 because it was...not decided on the merits." Doc. 1074. Therefore, according to him, the instant motion is not second or successive and can be decided by this Court without prior authorization from the court of appeals. *Id.*

That claim has been expressly rejected by other judges in this district. In *United States v. Johnson*, No. 4:92cr4013-WS/WCS, 2006 WL 2246202, at *1 (N.D. Fla. Aug. 3, 2006), the Court held that the dismissal of an initial § 2255 as untimely "'counts'" for purposes of determining whether a subsequent motion seeking relief from the original judgment operates as a second or successive motion to vacate. *See also Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir. 2003) (dismissal of § 2255 motion as untimely "presents a 'permanent and incurable' bar to federal review of the merits of the claim," as a time-bar "cannot be corrected"). Therefore, because the dismissal of the original motion to vacate in this case operated as an adjudication on the merits, the present motion is second or successive and may not proceed in this Court without prior certification from the Eleventh Circuit. 28 U.S.C. § § 2244(b)(3) & 2255. Even then, a second or successive motion will not be allowed absent newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255. Defendant has not sought or been granted leave by the appellate court to file a second or successive motion to vacate, and thus, review is plainly foreclosed here at this time.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That Defendant's petition for writ of error coram nobis or, alternatively, motion to vacate under 28 U.S.C. § 2255, Doc. 1066, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this **30th** day of October, 2006.

s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**