IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:88-cr-01007-MP-AK

TERRY L. REED,

    Defendant.
_____/

# **O R D E R**

This matter is before the Court on Doc. 1120, Report and Recommendation of the Magistrate Judge, recommending that Defendant's Petition for Writ of Error Coram Nobis or, Alternatively, a Motion to Vacate under 28 U.S.C. § 2255 be denied. The Magistrate Judge filed the Report and Recommendation on Tuesday, October 31, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a de novo review of those portions to which an objection has made.

The Defendant objects to two findings of the Magistrate. First, the Defendant disputes the Magistrate's finding that he "is plainly not entitled to coram nobis relief, as he is still in custody." Doc. 1120 at 1. While launching into an extensive exposition of the jurisprudential theory of precedent and stare decisis in the federal courts, Defendant fails to show that the Magistrate is incorrect. "Coram nobis relief is unavailable to a person, such as the appellant, who is still in custody." United States v. Garcia, 181 F.3d 1274, 1274 (11th Cir. 1999). Even assuming that coram nobis relief was available, Defendant has not shown any error of the most fundamental character to warrant such relief. A jury convicted the Defendant of both conspiracy and the underlying offense. Despite Defendant's belief, it is not legally impossible for two

people to conspire to possess illegal drugs.  Defendant confuses those crimes that by definition require two parties to commit, such as adultery or dueling, with the substantive offense that he was convicted of, which does not require two parties for its commission.  Therefore, the Court finds Defendant's first objection without merit and agrees with the Magistrate's recommendation.

Defendant's second objection is that the Magistrate erred in finding that "because the dismissal of the original motion to vacate in this case operated as an adjudication on the merits, the present motion is second or successive and may not proceed in this Court without prior certification from the Eleventh Circuit." Doc. 1120 at 2.  Defendant asserts that this Court's Order dismissing his first § 2255 motion "shows that the motion was dismissed <u>without any ruling on the merit</u>," Doc. 1127 at 9, and therefore his instant motion cannot be considered successive as a matter of law.  The Court agrees with the Magistrate that the dismissal of Defendant's initial § 2255 petition as untimely "counts," and renders the instant motion a second or successive motion.  See <u>Villenueva v. United States</u>, 346 F.3d 55, 59-61 (2d Cir. 2003), cert. denied, 542 U.S. 928 (2004) (holding "that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); <u>Altman v. Benik</u>, 337 F.3d 764, 766 (7th Cir. 2003) (holding "that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.").  The cases cited by Defendant in support of his objection are inapposite, and deal with issues irrelevant to the instant analysis.  Those cases deal with correctable errors, such as the failure to exhaust remedies, rather than the non-curable time bar

that resulted in the dismissal of Defendant's first § 2255 petition.  Moreover, as Defendant's first § 2255 petition was dismissed with prejudice, Defendant was on notice that he could not refile at a later date.  Doc. 851 at 2.  Therefore, having considered the Report and Recommendation, I have determined that the Report and Recommendation should be ADOPTED.  Accordingly, it is hereby.

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 1120, is adopted and incorporated by reference in this order.

2. Defendant's petition for writ of error coram nobis or, alternatively, motion to vacate under 28 U.S.C. § 2255, Doc. 1066, is DENIED.

**DONE AND ORDERED** this   *21st* day of November, 2006

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge